554 S.E.2d 680

**In the Matter of Christopher E.A. BARTON, Respondent.**

No. 25370.

Supreme Court of South Carolina.

Submitted Oct. 2, 2001.

Decided Oct. 29, 2001.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Wilburn Brewer, Jr., of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent. The facts as set forth in the agreement are as follows.

## *Facts*

Continuing a longtime practice of the city solicitor's office, respondent sent out juror questionnaires to prospective members of the jury venire selected to hear misdemeanor cases in municipal court. The questionnaires were printed on municipal court stationery and initially sent out with the municipal court's notice to jurors of their selection for jury duty.

After a discussion with the municipal court judge, the questionnaires were sent to jurors by the solicitor's office separately, with a cover letter from respondent stating that the questionnaire should be returned to the solicitor's office. However, the questionnaires continued to be printed on municipal court stationery. This arrangement was approved by the municipal court judge.

Upon receipt of inquiries from the Office of Disciplinary Counsel, respondent realized the impropriety of the questionnaires and immediately ceased the practice.

## *Law*

Respondent admits that his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 3.5(b) (a lawyer shall not communicate ex parte with a juror except as permitted by law); Rule 8.4(a) (knowingly violating or attempting to violate the Rules of Professional Conduct); and Rule 8.4(e) (engaging in conduct that is prejudicial to the administration of justice). By violating the Rules of Professional Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

## *Conclusion*

We find that respondent's misconduct warrants a public reprimand. We therefore accept the Agreement for Discipline by Consent and publicly reprimand respondent.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.